**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-57

UNITED STATES TAX COURT

ANN MARIE ADAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13767-12S.                    Filed July 18, 2013.

Ann Marie Adams, pro se.

<u>William C. Borgardus</u> and <u>Debra Lynne Reale</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency dated March 5, 2012, respondent determined a deficiency in petitioner's Federal income tax of $2,498 for tax year 2010.  After concessions,[1] the sole issue for decision is the amount of the section 25A lifetime learning credit to which petitioner is entitled for tax year 2010.

## Background

Petitioner resided in Connecticut when her petition was filed.

This matter was initially called at the calendar call of the Court in Hartford, Connecticut, on February 11, 2013.  The parties appeared and were heard. Counsel for respondent initially advised the Court that there was a basis of settlement.  It became apparent at the initial hearing that petitioner did not agree with the terms of the settlement respondent proposed, nor did she agree with the proposed settlement document respondent's counsel proffered.  The matter was recalled over the course of the following two days for further oral reports by the

---

[1]Respondent concedes that petitioner paid an additional $100 in qualified tuition and related expenses and that petitioner thus paid total qualified tuition and related expenses of $6,534 in 2010.  The remaining concessions are discussed in the background section.

parties. On February 13, 2013, the parties read into the record certain oral agreements. The specific agreements were further reflected in an order issued by the Court on April 4, 2013. The April 4, 2013, order stated as follows:

On February 13, 2013, the parties orally stipulated on the record the following:

1. Petitioner received and failed to report $17,959 of unemployment compensation in 2010.

2. Petitioner is not entitled to $370 of claimed earned income tax credit in 2010.

3. Petitioner is entitled to an additional withholding credit of $1,732 for 2010.

4. Petitioner is entitled to the standard deduction for 2010 and does not have enough expenses to claim itemized deductions for 2010.

5. Petitioner is not entitled to the American Opportunity Credit for 2010.

6. The one remaining issue in the case is the amount petitioner is entitled to claim for the lifetime learning credit for 2010.

7. With regard to the lifetime learning credit, respondent concedes that petitioner paid $6,434 of qualified education expenses in 2010, and petitioner concedes that she received $5,876.50 of scholarships or grants in 2010.

8. With regard to the lifetime learning credit, the parties disagree as to whether an entry in the amount of $9,611.50 listed on an account summary provided by Howard University dated

September 24, 2010, was expended on qualified education expenses by petitioner.

The Court permitted petitioner additional time to provide substantiation for eligibility for the credit, particularly with regard to the $9,611.50 listed on the account summary.  Since the parties were unable to stipulate any documents, the Court on April 4, 2013, ordered that a six-page document attached to petitioner's status report filed March 27, 2013, be entered into evidence as petitioner's exhibit. The exhibit includes a statement of account from Howard University, Office of Student Financial Services.  Two pages of the statement, dated February 21, 2013, reflect charges for the 2010 spring and fall semesters.  With respect to the spring semester there are two items listed as "credit balance direct deposit" in the amounts of $6,597.50 and $3,014.  There are other amounts shown on these pages of the statement identified as tuition and miscellaneous fees, including a graduation fee of $100.

The Court ordered the parties to show cause in writing, on or before May 6, 2013, why the case should not be deemed submitted.  The Court, not having received an objection from either party, deemed the matter submitted by order dated May 15, 2013.

Discussion

The Commissioner's determination set forth in a notice of deficiency is presumed correct, and a taxpayer generally bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements. Petitioner does not contend that section 7491(a) shifts the burden of proof to respondent, nor does the record establish that petitioner satisfies the section 7491(a)(2) requirements.

The only issue for decision is whether the information petitioner submitted in the exhibit referred to above establishes that petitioner paid qualified tuition and related expenses in excess of the amount respondent concedes she paid and is thus entitled to a greater lifetime learning credit under section 25A. Petitioner asserts that an amount of $9,611.50 (the combination of the $6,597.50 and $3,014) reflected on the Howard University account summary for the spring 2010 semester supports her claim. Respondent asserts that the exhibit entered into evidence does

not support petitioner's claim for an additional education expense or credit. Thus, respondent asserts that petitioner is entitled to qualified tuition and related expenses of only $6,534 ($6,434 agreed to in the oral stipulation plus the $100 concession).

The only evidence in this case is a copy of the Howard University account statement. The identification of the disputed amounts as charges described as "credit balance direct deposit" does not lead to the conclusion that petitioner paid said amounts for education expenses in 2010. There is nothing in this document which would support petitioner's assertion that she is entitled to qualified tuition or education expenses in an amount greater than that allowed by respondent and previously agreed to by the parties. Petitioner has failed in her burden of proof to establish any expenditure for qualified tuition and related expenses greater than that allowed by or agreed to by respondent.

The Court will enter a decision in this case pursuant to Rule 155 because of the concessions by the parties as enumerated herein. This will provide an opportunity for the parties to compute the correct tax on the basis of the mutual concessions and the opinion herein. Petitioner is advised that Rule 155(c) provides:

 **(c) Limit on Argument:**  Any argument under this Rule will be confined strictly to consideration of the correct computation of the amount to be included in the decision resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues.  This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.

To reflect the foregoing,

Decision will be entered under

Rule 155.